W. CHRISTIAN KRANKEMANN (SBN 220438)
NATHANIEL A. SMITH (SBN 252309)
KRANKEMANN LAW OFFICES P.C.
Attorneys At Law
420 E Street, Suite 100
Santa Rosa, California 95404
Telephone: (707) 524-2200
Facsimile: (866) 858-0100

Attorneys for Plaintiffs
TROY TOBON and
TOBON'S FLOORCOVERINGS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| TROY TOBON and TOBON'S FLOORCOVERING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> THE SHERWIN-WILLIAMS COMPANY, INC., and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This action for declaratory and injunctive relief, brought on behalf of plaintiffs Troy Tobon ("Tobon") and Tobon's Floorcovering, Inc. ("TFI"), challenges the validity and enforceability of the "Sub-Contractor Agreement For Floor Covering Installation Services" ("Agreement") defendant The Sherwin-Williams Company ("SW") required Tobon to sign on behalf of TFI as the CEO of TFI on or about May 7, 2019. While plaintiffs challenge the validity and enforceability of the Agreement in its entirety, plaintiffs specifically challenge the validity and enforceability of the indemnification and arbitration provisions contained within the Agreement as they are in direct conflict with existing California Law and violate California Public Policy.

2. The indemnification and arbitration provisions of the Agreement clearly aim to

circumvent the clear will of the California Legislature as well as multiple decisions issued by the California Supreme Court. SW is relying upon the terms of the indemnification and arbitration provisions within the Agreement to prohibit Tobon from challenging his employment classification issued by SW and prosecuting related Civil and Labor Code claims against SW in the California Superior Court, County of Sonoma.

3. Plaintiffs therefore seek a judicial declaration that the Agreement, and specifically the indemnification and arbitration provisions within the Agreement, is invalid and unenforceable as a matter of law. The Agreement is in direct conflict with and contravenes California Law and Public Policy. Plaintiffs also seek a temporary injunction to stay any related proceedings, including any ongoing or future State Court Actions or Arbitrations between plaintiffs and SW stemming from this dispute, until a judicial determination has been made in this declaratory relief action and a permanent injunction can be issued which invalidates the Agreement, and specifically the indemnification and arbitration provisions within the Agreement.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) as plaintiff Tobon is an individual residing in California, and plaintiff TFI is incorporated in California with its principal place of business in California, while defendant SW is incorporated in Ohio with its principal place of business in Ohio. Further, the amount in controversy in this declaratory and injunctive relief action (and the underlying State Court employment law action) exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events giving rise to this claim occurred, namely Sonoma County, California.

## THE PARTIES

6. Plaintiff Tobon is an individual who has resided in Sonoma County, California, during all time periods relevant to this action. Tobon is also the Chief Executive Officer of TFI, which was incorporated in May of 2017.

7. Plaintiff TFI is California corporation with its principal place of business in Windsor, Sonoma County, California, and was incorporated in May of 2017.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

8. Defendant SW is an Ohio corporation with its principal place of business in Cleveland, Cuyahoga County, Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

9. Tobon has worked for SW for approximately 30 years, installing flooring for customers obtained by SW at the storefront SW maintained in Sonoma County. While SW is typically known for manufacturing paint and paint application supplies, Tobon has worked with SW at the location currently known as the "Sherwin Williams Floorcovering Store" on Timothy Road in Santa Rosa, CA since at least 2018. The SW floorcovering location where Tobon had worked for several decades previously was located on Airway Road in Santa Rosa.

10. In performing his job duties while working for SW, Tobon is expected to report to the SW warehouse by 8 a.m. every morning in order to obtain his job duties from SW for the day. He is provided information each day about which SW client he is to perform work for, and is given detailed instructions about the work he is to perform for that client. Tobon's building materials and supplies are provided to him by SW at its warehouse every day given the job he is to perform that day.

11. In May of 2017, Tobon formed TFI, but Tobon's work for SW remained essentially unchanged. Tobon still installs flooring for SW customers at the daily direction of SW, using the materials SW provides to him.

12. On or about May 7, 2019, SW requested Tobon, as the CEO of TFI, to sign the Agreement, which is titled "Sub-Contractor Agreement For Floor Covering Installation Services." (The "Agreement" is attached to this complaint for reference). Tobon complied with SW's request to sign the Agreement.

13. In light of Tobon's numerous workplace injuries for which workers compensation benefits were denied to Tobon by SW, as well as many other labor code violations committed by SW, Tobon filed a complaint against SW in the Sonoma County Superior Court on October 21, 2020 (Case No. SCV-267266), claiming negligence, premises liability, personal injury, breach of contract, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and various labor code violations. This complaint was in large part based upon

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

the fact Tobon was incorrectly categorized as a "sub-contractor" by SW in relation to the work Tobon had been performing for SW over the decades. In this lawsuit, Tobon is seeking civil damages (compensatory and exemplary), restitution, penalties, fines, attorney's fees, pre-judgment interest, and any other relief the court may deem just and appropriate in this suit.

14. Tobon then prepared a proposed First Amended Complaint to add a Private Attorney General Action ("PAGA") claim against SW under Labor Code § 2698 *et seq.* in addition to the other causes of action already raised in Sonoma County Case No. SCV-267266. Pursuant to the requirements of California Labor and Workforce Development Agency ("CLWDA"), Tobon submitted a PAGA Notice of Claim and the First Amended Complaint against SW to the CLWDA for review and approval on or about November 12, 2021. Tobon's PAGA Notice of Claim and the proposed First Amended Complaint were also sent to SW via certified mail on or about November 12, 2021.

15. Upon receiving Tobon's PAGA Notice of Claim and the proposed First Amended Complaint, SW responded through its attorneys from Baker Hostetler in Cleveland, OH, on November 29, 2021 to Tobon's attorneys at the Krankemann Law Offices in Santa Rosa, CA. This letter indicated SW was immediately initiating arbitration proceedings against TFI while also demanding TFI indemnify and defend SW from and against any claims Tobon as an individual currently is or can ever asserting against SW based the indemnity and arbitration provisions contained within the Agreement. SW's November 29, 2021 letter emphatically states TFI will be liable to SW for every dollar SW spends, or has already spent, in defending itself against any and all claims Tobon may have against SW.

16. The indemnity provision of the Agreement at issue in this declaratory and injunctive relief action states, in pertinent part, that TFI is to "*save, reimburse, indemnify, defend and hold harmless*" SW from "*any and all claims allegations, proceedings, investigations, damages, liability, judgments, penalties, liens, fees, assessments, orders, awards, charges, attorney's fees, costs, losses of any kind (including, without limitation, derivative losses) and expenses (collectively "Claims" or "Losses"), relating to (directly or indirectly) or stemming from,*" "*(c) any property damage or bodily injury […] incurred by any Personnel[…],*" or "*(d) any finding, allegation, or*

-4-
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

*Claim that (i) any Personnel is/are employee(s) of Sherwin-Williams for any purpose under any applicable statutory or regulatory scheme or legal standard or Law, including, for example, state workers compensation or unemployment Laws, the Patient Protection and Affordable Care Act, the Employee Retirement Income Security Act, the National Labor Relations Act, the Fair Labor Standards Act, California IWC wage orders (if applicable), any tax Law or withholding requirement, or any vicarious liability or respondent superior doctrine, or that (ii) Sherwin-Williams owes any employment-related taxes, withholdings, deductions, deposits, remittances, assessments, levies, Losses, or penalties, or any interest related thereto, based on any such finding, allegation, or Claim.*" (See attached "Agreement," page 7, Section 22.) Pursuant to the definitions contained within the Agreement, SW claims Tobon, as the individual who signed the Agreement as TFI's CEO, would fall under the definition of "Personnel" as that term is used within the Agreement. (See attached "Agreement," page 2, Section 7.)

17. The arbitration provision of the Agreement states arbitration "shall be the exclusive, final, and binding means for resolving any dispute" between SW and TFI or its "Personnel" involving any matter related to the subjects in the Agreement, any other matter related to the relationship between SW and TFI or its "Personnel" (including Tobon), or anything which cannot be resolved internally between the parties. (See attached "Agreement," page 8, section 29.)

## CASE LAW AND STATUTORY FRAMEWORK

18. On April 30, 2018, (over one year prior to SW requiring Tobon to sign the Agreement on behalf of TFI), the California Supreme Court issued the decision *Dynamex Operations West, Inc. v. Superior Court of Los Angeles* (4 Cal. 5th 903). In this lengthy opinion, the Court redefined how California workers should be classified as either employees or independent contractors. The Court ultimately established a presumption holding all workers should legally be treated as employees rather than independent contractors. If the employer seeks to dispute this presumption in the attempt to classify any individual as an independent contractor, the employer must show the independent contractor classification is appropriate under the "ABC test." In the "ABC test" the employer must prove the employee is: "A) free from control and direction of the employer; B) performs work outside the usual course of employer's business; *and* C) customarily

-5-
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

engaged in an independently established trade." (*Id.* at 957-957). Plaintiff Tobon contends his multi-decade employment relationship with SW would fail each factor of the ABC test announced in *Dynamex*, clearly establishing his status as an employee rather than in independent contractor.

19. On September 18, 2019, Governor Gavin Newsom signed California Assembly Bill No. 5 ("AB5"), which codified the *Dynamex* decision, and applied the decision's "ABC test" and the presumption of a worker's "employee" status to the California Labor Code as of January 1, 2020.

20. On January 14, 2021, the California Supreme Court issued the decision *Vazquez v. Jan-Pro Franchising Int'l, Inc.* (No. S258191, 2021 WL 127201 (Cal. Jan. 14, 2021)), which was in response to the Federal 9th Circuit Court's request for clarification regarding the applicability of the "ABC test" established in *Dynamex* (supra) and the Legislature's enactment of AB5 in response to the *Dynamex* decision to those employment claims which had not yet reached final determination as of the date of the *Dynamex* decision. In *Vazquez,* the California Supreme Court issued a straightforward decision holding the "ABC test" from *Dynamex* applies retroactively, even to those employment relationships which existed prior to the *Dynamex* decision, so long as there has not already been a final determination of the dispute between worker and employer prior to the *Dynamex* decision being issued on April 30, 2018.

## CLAIMS FOR RELIEF

21. For each of the foregoing claims, Plaintiffs incorporate by reference each and every allegation set forth above in this complaint, as well as any additional allegation set forth below.

### FIRST CAUSE OF ACTION

**(Violation of AB5, *Dynamex* and *Vazquez* – Contrary to California Law)**

22. In light of *Dynamex,* AB5, and V*azquez* (all supra), Tobon contends the California Supreme Court and the California Legislature have clearly given him the presumption of being an employee of SW rather than an independent contractor under the law, yet SW seeks to prohibit Tobon from even presenting his claims against SW based upon the terms of the

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

"Agreement" which SW required Tobon to sign on behalf of TFI **over a year after the *Dynamex* decision was issued**. Regardless of the timing of Tobon signing the Agreement at SW's request, *Vazquez* clearly establishes the retroactivity of the "ABC test" announced in *Dynamex*. SW's position is contrary to multiple decisions issued by the California Supreme Court, the California Legislature, and public policy. SW is attempting to prohibit Tobon from pursuing any existing or potential claims against SW by requiring TFI to defend and indemnify SW from and against any claims which Tobon may legitimately have against SW.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a judicial declaration pursuant to FRCP 57 that the Agreement, and specifically the indemnity provisions within the Agreement, are inconsistent with existing California Law and Public Policy, and are therefore invalid and unenforceable;
2. For a preliminary injunction and stay pursuant to FRCP 65 on any related civil actions (and specifically Sonoma County Superior Court Case No. SCV-267266), including any arbitration proceedings stemming from any disputes between SW, Tobon and TFI, which involve the application, implementation, or enforceability of any term of the Agreement until this declaratory relief action has been decided by this court;
3. For a permanent injunction pursuant to FRCP 65 invalidating the Agreement in its entirety, and specifically the indemnification and arbitration provisions of the Agreement;
4. For costs of the suit;
5. For attorneys' fees; and
6. For such other and further relief as the Court deems just and proper.

DATED:  January 22, 2022                KRANKEMANN LAW OFFICES P.C.

By _____
W. CHRISTIAN KRANKEMANN
NATHANIEL A. SMITH
Attorney for Plaintiff
TROY TOBON and
TOBON'S FLOORCOVERINGS, INC.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF