UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY TOBON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>　　　　Defendant. | Case No. 22-cv-00375-VC<br><br>**ORDER COMPELLING ARBITRATION**<br><br>Re: Dkt. No. 22 |

　　The Sherwin-Williams Company's motion to compel arbitration is granted and the complaint is dismissed without prejudice.

　　An arbitration agreement can assign the threshold question of arbitrability to an arbitrator if it does so "clearly and unmistakably." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Tobon, as the agent of Tobon's Floorcovering, Inc., signed a sub-contractor agreement with Sherwin-Williams. Dkt. No. 22-8. That agreement makes arbitration "the exclusive, final, and binding means for resolving any dispute between Sherwin-Williams and Sub-Contractor (including its Personnel)." *Id.* at 8. And it provides that "[t]he arbitrator shall resolve all disputes regarding the timeliness *or propriety* of [a] demand for arbitration." *Id.* at 10 (emphasis added). That is clear and unmistakable evidence that questions of arbitrability are for the arbitrator.

　　Tobon argues that the entire agreement should be set aside as unconscionable. But absent a specific challenge to the provision delegating questions of arbitrability to the arbitrator, "we must treat it as valid" and leave "any challenge to the validity of the [a]greement as a whole for the arbitrator." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010).

The case management conference in the related case, No. 22-cv-01925, remains set for this Thursday. The parties should be prepared to discuss whether the reasoning in this ruling dictates that arbitration be compelled in that case as well.

**IT IS SO ORDERED.**

Dated: August 16, 2022

VINCE CHHABRIA
United States District Judge